IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**JAMES P. BAILEY,**

      **Plaintiff**

v.                                                                                                   **Civil Case No. 2:04cv249**

**GORDON R. ENGLAND,**
**Secretary of the Navy,**

      **Defendant.**

## JUDGMENT ORDER ON ATTORNEY'S FEES

Plaintiff James P. Bailey ("Bailey") filed a $1.5 million Title VII discrimination lawsuit against his former employer, the United States Department of the Navy ("Defendant"). On June 27, 2005, by written opinion, this Court entered judgment in favor of Defendant. See Final Judgment Order and Order to Show Cause (Doc. No. 20). In addition to granting judgment in favor of Defendant, the June 27, 2005 opinion details, at length, Bailey's dilatory tactics and vindictive behavior in this litigation. The Court found, as a matter of law, that this lawsuit was wasteful, frivolous, unreasonable, and vindictive. Id. at 19. Consequently, the Court awarded Defendant reasonable attorney's fees and costs and ordered Defendant to submit a legal memorandum and supporting affidavits outlining its fees and costs. Id. The Court advised Bailey of his right to contest the reasonableness of Defendant's claimed fees and costs, id., and further ordered him to show cause why he should not be sanctioned for his conduct. Id. at 21.

On July 7, 2005, this Court conducted a hearing on the reasonableness of Defendant's

claimed fees and costs and on whether sanctions should be issued against Bailey. Defendant claims legal fees in the amount of $19,423.30 and costs in the amount of $307.05. Defendant submitted an affidavit from a third-party attorney not associated with this case, who has experience managing litigation involving pro se parties, attesting that the schedule utilized to calculate the fees and costs is reasonable and customary and that the total amount claimed is reasonable. See Decl. of Scott W. Kezman, Esq. (Doc. No. 23); see also Def.'s Submission of Fees and Costs at 3-4 (Doc. No. 22). Consistent with his prior conduct in this case, Bailey did not show up for the hearing on attorney's fees and filed no objection to their reasonableness.[1] Accordingly, the Court **FINDS** that the legal fees and costs claimed by Defendant are reasonable and customary.

In addition to not registering an objection to the reasonableness of Defendant's claimed fees, Bailey did not appear on July 7, 2005 or file any memorandum to show cause why he should not be sanctioned. While vengeful, frivolous litigation cannot be tolerated, particularly in civil rights litigation, see Final Judgment Order and Order to Show Cause at 16-21,the Court concludes that a judgment order totaling nearly $20,000 for Defendant's legal fees and costs is an adequate enough sanction to punish Plaintiff, vindicate Defendant's rights with respect to defending frivolous litigation, and deter future frivolous litigation.

Thus, in accordance with the reasons stated above and in the June 27, 2005 Final Judgment Order and Order to Show Cause, the Plaintiff, James P. Bailey, is **ORDERED** to pay

---

[1] At the July 7, 2005 hearing, Defense counsel confirmed that all of the relevant documents have been served on Bailey so that he could respond to defend himself. Bailey has had reasonable notice of these proceedings and the consequences of his failure to appear and/or object. He has been given a full and fair opportunity to defend himself. See Final Judgment Order and Order to Show Cause at 19, 21.

Defendant a reasonable and customary attorney's fee of $19,423.30 and costs in the amount of $307.05, for a total of $19,730.35.

The Clerk of the Court is **DIRECTED** to close this case and to forward a copy of this Judgment Order on Attorney's Fees to Plaintiff and to counsel for Defendant. The Court **RETAINS JURISDICTION** to enforce this Order.

**IT IS SO ORDERED.**

_____/s/_____
UNITED STATES DISTRICT JUDGE

July 7, 2005

Norfolk, Virginia